# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TOBI C. MCCAIN,

          Plaintiff,

v.

WAUKESHA COUNTY, DEPUTY DANIEL YANKE, DEPUTY STAAT, WAUKESHA COUNTY DOE CLERICAL, WAUKESHA COUNTY JAIL, and DOE WCJ MEDICAL STAFF,

          Defendants.

Case No. 25-CV-1010-JPS

**ORDER**

    Plaintiff Tobi C. McClain, a former prisoner at Waukesha County Jail, filed a pro se complaint challenging the conditions of his previous confinement. ECF No. 1. Along with his complaint, Plaintiff filed a motion to proceed without prepayment of the filing fee or *in forma pauperis.* ECF No. 5. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

    A party may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion to proceed *in forma pauperis*. Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v.*

*Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [*in forma pauperis*] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

In making such a request, a pro se litigant must submit an affidavit including a statement of all assets possessed by the litigant as well as stating the nature of the action and the affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a). In order to qualify to proceed in forma pauperis, the pro se litigant need not be "absolutely destitute." *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). In forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972).

Plaintiff submitted his financial information with his motion to proceed without prepayment of the filing fee. ECF No. 5. Based on his monthly expenses and income, the Court accepts that Plaintiff is indigent. The Court will accordingly grant the motion to proceed without prepayment of the filing fee. However, the inquiry does not end there; the Court must also screen the action.

2. SCREENING THE COMPLAINT

   2.1 Screening Standard

When a plaintiff requests leave to proceed in forma pauperis, the Court must screen the complaint. *See* 28 U.S.C. § 1915(e)(2). If the court finds any of the following, then the "court shall dismiss the case": the action is frivolous or malicious, the complaint fails to state a claim upon which relief

may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.*

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993). Pro se complaints are held

to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 2.2 Plaintiff's Allegations

Plaintiff names Waukesha County, Deputy Daniel Yanke ("Yanke"), Deputy Staat ("Staat"), Waukesha County DOE Clerical, Waukesha County Jail, and DOE WCJ Medical Staff as defendants. ECF No. 1 at 1. On or about December 8, 2022, at 12:15 a.m., Yanke and Staat initiated a traffic stop while Plaintiff was heading into a gas station. *Id.* at 3. Staat and Yanke commanded Plaintiff to reenter the vehicle on the driver's side; Plaintiff complied with this command. *Id.* Plaintiff notes that he was not the owner of the vehicle; Ms. Jaimie Pugh owned the vehicle and was located in the passenger seat. *Id.* As Yanke and Staat approached the vehicle, they asked Plaintiff rhetorical identification questions for about three minutes without giving Plaintiff the opportunity to answer. *Id.*

The officers stated they had reasonable suspicion to initiate the stop for the illegal window tint. *Id.* As Yanke and Staat walked away, they signaled to each other and then returned to the vehicle claiming that they smelled burnt marijuana coming from the vehicle. *Id.* Staat asked Plaintiff to step out of the vehicle, and he immediately detained Plaintiff and placed him in handcuffs. *Id.* Plaintiff told Staat about his November 29, 2022 rotator cuff surgery. *Id.* Despite this knowledge and Plaintiff wearing a sling, Yanke and Staat disregarded Plaintiff's medical needs and made the handcuffs too tight. *Id.* The tight handcuffs caused Plaintiff extreme pain and emotional distress. *Id.* at 4.

Staat, without any notice, began reaching inside Plaintiff's sweatpants and underwear. *Id.* Staat and Yanke put on black leather gloves and "passed [Plaintiff] amongst themselves four (4) times consecutively."

*Id.* They pulled Plaintiff's drawstring/waistband and exposed Plaintiff's genitals in front of Staat's squad car. *Id.* The search was done without Plaintiff's consent and caused him permanent emotional distress. *Id.* Staat placed Plaintiff inside the squad car and Plaintiff observed both officers invasively search Ms. Pugh. *Id.*

Plaintiff and Ms. Pugh were detained in the squad car for over two hours while Yanke and Staat searched the vehicle. *Id.* Plaintiff told the officers that the handcuffs were causing him excruciating pain. *Id.* Plaintiff told Yanke that he could hear pieces of the vehicle being torn to pieces, but Yanke simply joked that he did not hear anything. *Id.* When Plaintiff asked why he was being detained, Yanke informed him that he was being charged with possession of a firearm. *Id.* Staat told Pugh that she was free to go. *Id.* A tow truck was towing the vehicle to an undisclosed lot. *Id.* Ms. Pugh asked to get her and Plaintiff's personal belongings, but the officers ordered her to walk away from the gas station. *Id.* The officers did this despite knowing that Ms. Pugh had Indiana residency and it was 2:00 a.m. *Id.*

While on the way the Waukesha County Sheriff's Department, Yanke asked Plaintiff to be an informant. *Id.* at 5. Yanke showed Plaintiff a *Miranda* rights form, but Plaintiff was unable to focus due to the pain in his arm and Yanke's deceptive tactics. *Id.* Plaintiff declined and stated that he wanted medical treatment for his arm. *Id.* When entering Waukesha County Jail, Yanke made sure that he administered the pat search, X-ray, and strip search. *Id.* Yanke placed Plaintiff back into his street clothes and had him sit in the intake area. *Id.* The handcuffs remained too tight. *Id.* Plaintiff was never provided a strip search authorization form and was subjected to another search by Waukesha County Jail Staff. *Id.* The jail staff failed to provide Plaintiff adequate medical treatment during his approximate

eighteen-hour stay. Upon Plaintiff's release from custody, Plaintiff's doctor told him that Defendants' actions, without a doubt, resulted in further damage to Plaintiff's rotator cuff. *Id.*

Public records show that Plaintiff was charged in Waukesha County on December 8, 2022, with two counts of carrying a concealed weapon.[1] Public records also show that a judgement of conviction in this case was just recently entered on June 20, 2025, and that Plaintiff's counsel has filed a notice of intent to pursue post-conviction relief. *Id.*

### 2.3 Analysis

The *Younger* abstention doctrine prohibits federal judges from intervening in state prosecutions unless there are extraordinary circumstances involved. *Younger v. Harris*, 401 U.S. 37 (1971). Federal courts must abstain from exercising jurisdiction over federal constitutional claims that may interfere with on-going state proceedings. *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Extraordinary circumstances exist only where the danger of irreparable loss is both great and immediate. *Younger*, 401 U.S. at 45.

Federal claims arising from illegal searches, seizures, and detentions involve constitutional issues that a criminal defendant can litigate during the course of the state criminal case. *See Gakuba v. O'Brien*, 711 F.3d 751, 751 (7th Cir. 2013). Such issues do not present a danger of irreparable and immediate loss, because the criminal defendant can address them during his trial in state court. *See id*. If the criminal defendant loses at trial, he can appeal to a higher state court, such as the Wisconsin Court of Appeals or

---

[1] *See State of Wisconsin v. Tobi C. McCain*, Waukesha Cnty. Case No. 2022CF001920, https://wcca.wicourts.gov/caseDetail.html?caseNo=2022CF001920&countyNo=67&index=0&mode=details (last visited Sept. 9, 2025).

the Wisconsin Supreme Court, for relief. *Id.* For that reason, federal courts stay civil rights cases pending in federal courts until any state criminal case from which the plaintiff's federal claims may arise is resolved. *Id.*

Plaintiff's claims in this federal case involve his alleged illegal arrest and subsequent detention based on an illegal search. "Resolving the constitutionality of law enforcement's conduct throughout [Plaintiff's] cases would inject this court into Wisconsin's criminal proceedings, offending the principles of equity, comity, and federalism that counsel toward abstention." *Shaw v. County of Milwaukee*, No. 21-1410, 2022 WL 1001434, at *2 (7th Cir. Apr. 4, 2022). Because Plaintiff's state criminal case is not over, there is nothing the federal court can do for him at this time. In order for this Court to consider Plaintiff's claims, he must complete his underlying criminal cases and exhaust all of his appellate, or post-conviction, options in state court. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). This Court can consider his constitutional claims only after Plaintiff has litigated his claims to the highest state court.

The Court will accordingly administratively close Plaintiff's case at this time. When Plaintiff has fully litigated his pending state criminal cases through every level of the state system, he may file a motion with this Court, asking to reopen the case. There is no additional fee for filing a motion to reopen. The Court will preserve the original filing date for this case—July 14, 2025—regardless of when Plaintiff files his motion to reopen. Plaintiff must file a motion to reopen this case within ninety days of the conclusion of his state court proceedings; the failure to do so may result in dismissal of this action, without prejudice and without further notice, for the failure to prosecute.

Page 7 of 8
Case 2:25-cv-01010-JPS    Filed 09/09/25    Page 7 of 8    Document 6

3.  **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 5, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of Court **ADMINISTRATIVELY CLOSE** this case; Plaintiff must file a motion to reopen this case within ninety days of the conclusion of his state court proceedings; the failure to do so may result in dismissal of this action, without prejudice and without further notice, for the failure to prosecute.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge